UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENN HARNDEN,

    Plaintiff,

v.

FORD MOTOR COMPANY, ET AL.,

    Defendants.
                                        /

Case No. 04-72036

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANTS JAYCO, INC. AND LLOYD BRIDGES TRAVELAND, INC.'S MOTION FOR TAXATION OF COSTS WITHOUT PREJUDICE AND DENYING DEFENDANTS' MOTION FOR OFFER OF JUDGMENT SANCTIONS [51, 53]**

    This is a consumer warranty case where Defendants Jayco, Inc. and Lloyd Bridges Traveland, Inc. have obtained summary judgment in their favor. Defendants are presently before the Court seeking costs, pursuant to Fed. R. Civ. P. 54(d)(1) and E.D. Mich. L.R. 54.1, and attorneys fees under Fed. R. Civ. P. 68. For the reasons stated below, Defendants' motion for taxation of costs is DENIED WITHOUT PREJUDICE. Defendants' motion for costs, including attorneys fees, under Rule 68 is DENIED.

**I.    Taxation of Costs Pursuant to Rule 54(d)(1)**

    Defendants were prevailing parties in this litigation. Summary judgment was entered in favor of Defendant Lloyd Bridges on September 8, 2004 and March 30, 2005. Summary judgment was entered in favor of Defendant Jayco on October 25, 2005. Accordingly, pursuant to Rule 54(d)(1) and Local Rule 54.1, these Defendants are entitled to seek taxable costs from the Clerk of the Court. Defendants, however, have not sought such

relief from the Clerk as set forth in the Court's Bill of Costs Handbook and have not provided the necessary supporting documents as required for recovery. Defendants should consult the Court's website, www.MIED.uscourts.gov, and obtain a copy of the Bill of Costs Handbook and the proper form for submitting their bill of costs to the Clerk's office. Because Defendants have not followed the correct procedure here, their motion seeking taxation of costs is DENIED WITHOUT PREJUDICE.

**2.    Offer of Judgment Sanctions Pursuant to Rule 68**

On December 8, 2004, Defendant Jayco filed an Offer of Judgment pursuant to Rule 68, in the amount of $7,501.00, exclusive of costs, interest or attorney fees.  That same day, Defendant Lloyd Bridges filed an Offer of Judgment in the amount of $501.00, exclusive of costs, interest or attorney fees.  (Defs.' Exs. 1, 2.)  Plaintiff rejected these offers.  Defendants subsequently obtained summary judgment in their favor.  (9/8/04, 3/30/05, 10/25/05 Orders.)  This matter is presently before the Court on Defendants' motion arguing that they are entitled to attorney fees pursuant to Fed. R. Civ. P. 68. Defendants' motion is DENIED.

Rule 68 provides, in pertinent part, that:

> a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued.  If within 10 days after service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment.  An offer not accepted shall be deemed withdrawn . . . .  If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.  (Emphasis added).

Fed. R. Civ. P. 68.  Here, Defendants Jayco and Lloyd Bridges ("offerors") made an offer

of judgment to Plaintiff ("offeree"). That offer was not accepted, and the judgment finally obtained was not more favorable to Plaintiff than Defendants' offer. Thus, Rule 68 requires that Plaintiff pay Defendants' post-offer costs. The question presented in Defendants' motion is whether these costs include their post-offer attorney fees.

As observed by the Supreme Court and the Sixth Circuit Court of Appeals, Defendants are not entitled to recover their post-offer attorney fees under Rule 68 unless attorney fees are classified as costs "under a statute substantively at issue in the case." *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 314 (6th Cir. 1997) (citing *Marek v. Chesny*, 473 U.S. 1, 9 (1985); *Zackaroff v. Koch Transfer Co.*, 862 F.2d 1263, 1265 (6th Cir. 1988)). Defendants argue that the statute substantively at issue in this case is the Magnuson-Moss Warranty Act, which defines costs as including attorneys' fees. Thus, Defendants argue, they are entitled to recover their post-offer attorney fees under Rule 68. This Court disagrees.

The relevant subsection of the Magnuson-Moss Warranty Act provides that:

> If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate. (Emphasis added).

15 U.S.C. § 2310(d)(2). As evidenced by the plain language of this subsection, the Magnuson-Moss Warranty Act allows only consumers to recover attorneys' fees as costs. Defendants are not consumers. Accordingly, Defendants are not entitled to recover their post-offer attorney fees under Rule 68.

3

For the above-stated reasons, Defendants' motion for taxation of costs pursuant to Fed. R. Civ. P. 54 is DENIED WITHOUT PREJUDICE, and Defendants' motion for attorney fees as offer of judgment sanctions pursuant to Fed. R. Civ. P. 68 is DENIED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 30, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 30, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager